Johnson, C. J. The plaintiff below demurred to the defendant’s rejoinders numbered three and five, interposed to his second and third replications to the defendant’s plea of set-off. The first rejoinder avers in substance, that in six months after the cause of action accrued upon the contract set up in his plea, the plaintiff left the county of Jefferson, and that by concealing his place of residence ever since, he has prevented him from bringing his suit. The second rejoinder demurred to is substantially the same with the first. These rejoinders are both supposed to have been predicated upon the 26th sec. of chap. 91, of the Rev. Stat. This section provides that, “If any person, by leaving the county, absconding or concealing himself, or any other improper act of his own, prevent the commencement of any action in this act specified, such action may be commenced within the time respectively limited after the commencement of such action shall have ceased to be so prevented.” The plain and obvious intention of the Legislature was that the debtor should not have it in his power by leaving the county, absconding or concealing himself, or by any other improper act of his own, before the cause of action accrued, to deprive his creditor of the full benefit of the Statute. The fact that the creditor is allowed the entire period prescribed by the Statute, “after the commencement of such action shall have ceased to be so prevented,” affords a strong presumption that it was the design of the Legislature to confine its operation to cases alone where the cause of action had not accrued before the debtor left the county or committed such other improper act, as should prevent a commencement of the suit. If this construction be correct, and that it is, we think will scarcely admit of a doubt, then it is manifest that the rejoinders were insufficient in law to take the contract set up in the defendant’s plea of set-off, out of the operation of the Statute of limitations. The court below, therefore, committed no error in sustaining the demurrers. The next question raised by the record relates to the sufficiency of the evidence to warrant the verdict. It was held by this court, when the case was here before, (1 Eng. Rep. p. 381), that the money having been received .by the plaintiff in error as agent add attorney in fact, no cause of action accrued against him until demand made after the receipt of the money and a refusal by him to pay it over. Thomas N. Byers testified that he had been retained by Spears as attorney to collect the demand, and that by virtue of such retainer, within one year before the commencement of the suit, he demanded the said sum of money with the interest from Taylor, and that he refused to pay it. The cause of action having accrued upon the demand and refusal to pay, the testimony of Byers was fully sufficient to take the case out of the operation of the limitation act. But it is contended that the record affirmatively shows that the evidence was not sufficient to warrant the verdict. The bill of exceptions purports to set out all the evidence adduced upon the trial of the cause, yet it shows upon its face that certain instruments of evidence which are there referred to, are not copied into the bill. Here is an apparent contradiction, and the point to be determined is, whether the*defendant in the court below who filed the bill of exceptions, and attempted to save the testimony, can now take advantage of this circumstance. We think it clear that it does not lie in his mouth to impeach or question the sufficiency of the testimony in this court. It was his undoubted right, as well as his imperative duty, if he desired to take advantage of any defect in the testimony, to have spread the whole of it upon the record at the time the bill was signed by the judge and incorporated into the record, and if he neglected to do so, but on the contrary, relied upon the clerk to insert it, when he should come to make out his transcript, and that too without having it filed among the papers of the cause, and any thing has since accurred to deprive that officer of the means necessary to enable him to send up a true and perfect copy, he must submit to the consequences of his own negligence. If the documents referred to were actually read upon the trial, and the defendant in the court below discovered any defect in. theta and desired to take advantage of it, in this court, he most unquestionably should have spread them out in his bill of exceptions, or at least seen that they were filed with the clerk, and his failure to do so raises a violent presumption that they were all that they purported to be, and that he was willing to rest his case upon some other point in this court. If the defendant below desired to transcribe the instruments referred to, into his bill of exceptions, or to have them put upon the files of the court so as to enable the clerk to do so, he could have easily effected it, during the term of the court at which the judgment was rendered. If the plaintiff read the evidence to the jury and received the benefit of it, the court would upon an application have compelled him to deliver it up to be used in preparing the transcript for this court. This, however, would only apply to such evidence as was capable, in its nature, of being actually filed in the Circuit Court. When the law permits a record either of the same or another court, or of any office, to be used as evidence in a cause, it is not contemplated of course that such records shall be placed upon the files of the court in which the cause is to be tried. In such a case, if the bill of exceptions showed that the record was produced and read upon the trial and that the clerk was directed to insert it into the transcript, it would doubtless be all sufficient for the purposes of the law. The bill of exceptions expressly states that the plaintiff below introduced and read in evidence, a certain power of attorney, a deed and note, and the clerk of The court in his return to the certio-rari for a full and perfect record, certifies that the record of the power of attorney and deed were exhibited in court on trial of the cause, and that the originals were never filed in his office, but that they are private papers and that as he believes are now in the possession of James H. Mosby. If the statement in the bill of exceptions be true, and that it is, we are bound to presume, then it is that a copy of the originals themselves should have been sent into this court, and the clerk had no power to send a copy of a copy, which would have been the case had he inserted a copy of the record from the office of the recorder. It is only in cases where the bill of exception's contains all of the evidence adduced upon the trial that this court is authorized to review it; but where it affirmatively appears that there was other evidence, though the bill may expressly negative the fact, this court is bound to believe that there was other evidence, and that such other evidence was sufficient to warrant the verdict and judgment of the court. The legal presumption in this case is, that had the instruments, which are expressly stated to have been read upon the trial, been inserted in the bill of exceptions, that they would have fully warranted the finding and judgment rendered in the Circuit Court. From this view of the principles governing this case it is clear that the court has no authority to disturb the finding and judgment of the court below. The judgment is, therefore, in all things, affirmed.